IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARIO ABREU,** | : | Civil No. 1:15-cv-1465 |
| Petitioner, | : | |
| v. | : | |
| | : | **Judge Rambo** |
| **KEVIN KAUFFMAN, et al.,** | : | |
| | : | **Magistrate Judge Mehalchick** |
| Respondents. | : | |

## **M E M O R A N D U M**

Before the court is a report and recommendation filed by the magistrate judge in which she recommends that Mario Abreu's ("Abreu") petition filed pursuant to 28 U.S.C. § 2254 be dismissed. Abreu has filed 31 "objections" to the report and recommendation, and Respondents have specifically responded to each objection. Therefore, the motion is ripe for disposition. For the reasons that follow, the report and recommendation will be adopted.

### **I.** **Background**

Abreu was convicted and found guilty in Northumberland County of five (5) counts of possession with intent to deliver a controlled substance ("PWID"); seven (7) counts of delivery of a controlled substance; six (6) counts of criminal use of a communication facility; one (1) count of criminal conspiracy/PWID; one (1) count of dealing in proceeds of unlawful activity; one (1) count of corrupt organizations; and one (1) count of criminal conspiracy/corrupt organization.

He took a direct appeal to the Superior Court of Pennsylvania; initiated a proceeding under the Pennsylvania Post Conviction Relief Act ("PCRA"); filed an amended PCRA; and filed an appeal to the Superior Court from the adverse ruling on the PCRA claims. Relief was denied.

On July 29, 2015, Abreu filed the instant petition (Doc. 1) in which he alleges the following: 1) PCRA counsel was ineffective in failing to argue trial counsel's ineffectiveness in raising challenges on the unconstitutionality of his sentence; 2) the unconstitutionality of evidence admitted at his trial; and 3) the evidence supporting his conviction was insufficient to sustain the verdict beyond a reasonable doubt.

**II. Discussion**

The magistrate judge, after an exhaustive analysis, found that the claims under the instant writ were procedurally defaulted in his state proceeding. However, recognizing that procedural default can be excused upon a showing that an underlying claim may have some merit, *Martinez v. Ryan*, ___ U.S. ___, 132 S. Ct. 1309, 1318 (2012), she did a merits analysis of Abreu's claims.

**A. Sentencing Issue**

Abreu relies primarily on *Alleyne v. United States*, ___ U.S. ___, 133 S. Ct. 2151 (2013), which held that sentences increasing the statutory floor based on facts not found by a jury are unconstitutional – the very argument Abreu makes

2

about his sentence. However, the decision in *Alleyne* came six years after Abreu's sentencing and is not retroactive. *United States v. Winkelman*, 746 F.3d 134, 136 (3d Cir. 2014). The magistrate judge found that counsel's decision not to pursue a meritless claim does not amount to ineffectiveness. This court agrees.

### B. Violation of Confrontation Clause

The magistrate judge read the trial transcripts and opined that trial counsel's allowing the use of grand jury testimony to be read rather than have live witnesses testify was a tactical decision and served Abreu's interest. (Doc. 17, p. 20 (citing *Werts v. Vaughn*, 228 F.3d 178, 190 (3d Cir. 2000).) The magistrate judge noted that defense counsel pointed out gaps in the prosecution's case that would likely have been filled in by live witnesses who would have been subject to direct and cross examination. This decision by counsel does not render counsel's representation ineffective.

### C. Sufficiency of Evidence

Abreu alleges that he was actually innocent of the crime and that the evidence against him lacked credibility. The magistrate judge noted that this issue was not presented to the state court on either direct or collateral appeal.

The magistrate judge discussed the principles that, during appellate review of a criminal conviction, the court does not weigh the evidence and substitute its own judgment for that of the finder of fact and that circumstantial

3

evidence alone may support a finding of guilt beyond a reasonable doubt. (*Id.* at p. 22 (citations omitted).)

The magistrate judge noted that actual innocence may constitute a miscarriage of justice that enables a federal court to hear the merits of an otherwise procedurally defaulted habeas claim, but that claim must be based on reliable evidence not presented at trial. Abreu has not presented any newly discovered evidence or reliable evidence not presented at trial to establish actual innocence. The claim is meritless.

**D. Objections to the Report and Recommendation**

Abreu's objections include 31 numbered paragraphs which he argues are "intended to correct the record, correct erroneous conclusions of fact, failures to address relevant facts, and otherwise intended as specific objections to the conclusions made in the R&R." (Doc. 23, p. 1.) Respondents have responded to these paragraphs seriatim. (Doc. 24.)

This court adopts the response in its entirety and incorporates same herein. (*Id.*)

**III. Conclusion**

The petition is procedurally defaulted and the claims are without merit. The report and recommendation will be adopted.

                                             s/Sylvia H. Rambo
                                             SYLVIA H. RAMBO
                                             United States District Judge

Dated: June 1, 2017